IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 3 0 2015

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

| | |
|---|---|
| SADDLE BLANKET 1316 LAND TRUST, § § Plaintiff, § § VS. § § THE BANK OF NEW YORK MELLON, § F/K/A THE BANK OF NEW YORK, § AS TRUSTEE FOR THE CERTIFICATE § HOLDERS OF CWALT, INC., § ALTERNATIVE LOAN TRUST § 2006-31CB MORTGAGE PASS-THROUGH § CERTIFICATES, SERIES 2006-31CB, § § Defendant. § | NO. 4:15-CV-401-A |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the Certificate Holders of CWALT, Inc. Alternative Loan Trust 2006-31CB Mortgage Pass-Through Certificates, Series 2006-31CB, for summary judgment. The court, having considered the motion, the response of plaintiff, Saddle Blanket 1316 Land Trust, the reply, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claims

On April 29, 2015, plaintiff filed its original petition for declaratory and injunctive relief in the 342nd District Court of Tarrant County, Texas. On May 26, 2015, defendant filed its

notice of removal, bringing the action before this court. Following removal, the court ordered plaintiff to replead, which it did by the filing of a complaint on June 5, 2015. Doc. 6.[1]

Plaintiff alleges that it is the owner in fee simple of real estate known as 1316 Saddle Blanket Court, Fort Worth, Tarrant County, Texas, (the "property") and that it acquired title to the property through purchase upon foreclosure of an assessment lien by a homeowners' association. At the time of its purchase, there was of record a deed of trust executed by Angel Moates ("Moates") in favor of America's Wholesale Lender ("AWL"). Plaintiff contends that "there was no such entity known as AWL at that time." Doc. 6 at 3, ¶ 6. And, since a deed of trust naming a nonexistent person or entity is void, its subsequent assignment was void and defendant, which intends to foreclose pursuant to the power of sale contained in the deed of trust, has no authority to do so. Plaintiff seeks to quiet title and asks for injunctive relief to prevent the threatened foreclosure.

II.

Grounds of the Motion

Defendant alleges that plaintiff's claim to quiet title fails as a matter of law and that plaintiff is not entitled to injunctive relief. In support of these grounds, defendant says

---

[1] The "Doc." reference is to the document number of the item on the court's docket in this action.

that AWL is the assumed name of Countrywide Home Loans, Inc., ("Countrywide"), as reflected by assumed name certificates on file with the New York and Texas Secretaries of State at the time the note and deed of trust at issue were signed. Countrywide endorsed the promissory note in blank and defendant possesses the "wet ink" version with the endorsement. Defendant has been assigned all rights under the deed of trust. And, plaintiff cannot raise any genuine issue of material fact to establish that it has superior title to the property.

III.

Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof

3

concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] Celotex Corp., 477 U.S. at 323. If the record taken as a

---

[2] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit
(continued...)

whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

A. The Summary Judgment Evidence

The undisputed evidence establishes the following:

On September 28, 2006, Moates obtained a purchase money loan in the original principal amount of $92,784.00 from AWL. The note was secured by a deed of trust identifying AWL as the lender and naming Mortgage Electronic Registration Systems, Inc., ("MERS") as beneficiary, granting a security interest in the property. Countrywide endorsed the note in blank and defendant is in possession of the original "wet ink" version. On March 1, 2012, MERS assigned the deed of trust to defendant.

AWL is an assumed name of Countrywide, as reflected by assumed name certificates filed with the New York Department of State Corporations and State Record Division on April 29, 1996, and with the Texas Secretary of State on January 15, 2003.

---

[2](...continued)
explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

5

The property is the subject of covenants, conditions, and restrictions ("CCR") of the Villages of Chisholm Ridge (the "HOA"), which were recorded in the Official Public Records of Tarrant County on April 25, 2006. Moates failed to pay her annual assessment dues and, on November 4, 2014, the HOA foreclosed upon its assessment lien. Plaintiff purchased the property at the HOA foreclosure.

B.  <u>Defendant's Lien Has Priority</u>

The summary judgment evidence establishes that defendant is the holder of the note. Tex. Bus. & Com. Code §1.201(21). The note was endorsed in blank by Countrywide, which, as the record reflects, was doing business as AWL at the time of the execution of the note and deed of trust. The fact that a business using the name "America's Wholesale Lender" was later incorporated has no bearing on the validity of the documents executed by Moates. See <u>Sparks v. The Bank of New York Mellon</u>, No. H-14-813, 2015 WL 4093922, *3 (S.D. Tex. July 7, 2015); <u>Roberts v. America's Wholesale Lender</u>, No. 2:110CV-597-DB-SA, 2012 WL 1379203, *3-4 (D. Utah Mar. 22, 2012). Further, MERS, as beneficiary of the deed of trust, assigned the deed of trust to defendant. Defendant, as owner and holder of the note, has the right to foreclose its security interest. <u>Kiggundu v. Mortgage Elec. Registration Sys., Inc.</u>, 469 F. App'x 330, 331-32 (5th Cir.

2012); Lawson v. Gibbs, 591 S.W.2d 292, 294 (Tex. App.-Houston [14th Dist.] 1979, writ ref'd n.r.e.).

Under Texas law, foreclosure of a subordinate lien, such as a homeowners' association lien, does not terminate the interests that are senior. DTND Sierra Investments, LLC v. Bank of Am., N.A., 871 F. Supp. 2d 567, 573 (W.D. Tex. 2012). Here, the CCR on file in Tarrant County explicitly state that the HOA lien is subordinate to the lien of any valid first lien mortgage or deed of trust. Thus, foreclosure of the HOA lien had no effect on defendant's lien and plaintiff's title to the property is subject thereto.

C.  Suit to Quiet Title

A suit to quiet title is an equitable action to clear a valid title against a defendant's invalid claim to the property. Puente v. CitiMortgage, Inc., No. 3:11-CV-2509-N, 2012 WL 4335997, *3 (N.D. Tex. Aug. 29, 2012). Plaintiff must prove and recover on the strength of its own title, not the weakness of its adversary's. Id.; Summers v. PennyMac Corp., No. 3:12-CV-01235-L, 2012 WL 5944943, *3 (N.D. Tex. Nov. 28, 2012); Fricks v. Hancock, 45 S.W.3d 322, 327 (Tex. App.-Corpus Christi 2001, no pet.). Here, plaintiff has not shown that it has superior title.

D. <u>Injunctive Relief</u>

Because plaintiff cannot prevail on its substantive claim, it is not entitled to injunctive relief. <u>DSC Communications Corp. V. DGI Techs., Inc.</u>, 81 F.3d 597, 600 (5th Cir. 1996); <u>Marsh v. JPMorgan Chase Bank, N.A.</u>, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012).

V.

Order

For the reasons discussed herein,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on its claims; and that plaintiff's claims be, and are hereby, dismissed.

SIGNED November 30, 2015.

_____
JOHN McBRYDE
United States District Judge

8